OPINION
In this consolidated appeal, Plaintiff-Appellant, the State of Ohio, appeals from a judgment of acquittal by the Lima Municipal Court, finding Defendants-Appellees, Michael and Tanya Volbert, not guilty of violating R.C. 519.23 and R.C. 4513.65 with regards to the use of their jointly owned property located in Jackson Township, Allen County, Ohio. The State argues both that the trial court failed to determine whether the Volberts' nonconforming use of their property was a lawful use and that the use of their property was not lawful because they did not have a salvage dealer's license. Additionally, the State maintains that the trial court did not make a finding that the Volberts' use of their property was a bona fide commercial operation, and without such a finding they were not exempt from the provisions of R.C. 4513.65. However, because the Volberts utilized their property as an automobile storage facility prior to the enactment of the applicable zoning regulations, did not salvage automobiles at that location, and derived income by both storing cars for two used car lots and contracting to crush unusable cars to sell on the steel market, we uphold the trial court's judgment of acquittal.
The facts and procedural history pertinent to the issues raised on appeal are as follows. The Volberts purchased a tract of land located at 6205 Sandusky Road in Jackson Township on August 20, 1993. Since 1994, they have utilized the land to store cars, which are subsequently crushed and cleared by a contracted company for the sale of steel. The Volberts have also derived revenue from the property by using it to store vehicles owned by two used car lots.
The Volberts own additional property where they maintain a licensed automobile salvage yard. The operations at each of their properties, however, are separate enterprises. When automobiles stored at the 6205 Sandusky Road location contain salvageable parts, the Volberts transport the vehicles to their salvage yard, dismantle the usable parts, and take the unusable portion to the Sandusky Road property to await crushing. Moreover, when the salvage yard becomes full, they will use the Sandusky Road property to store them; however, no parts are salvaged at that location.
In 1997, Jackson Township enacted a zoning resolution that restricted the use of land within the township to residential use. On February 9, 2001, separate complaints were filed against both Tanya and Michael Volbert, alleging that each had violated R.C. 519.23 because the use of their Sandusky Road property violated the Jackson Township zoning ordinance. Thereafter, on March 15, 2001, an additional complaint was filed against each of them, maintaining that both had violated R.C. 4513.65
by willfully allowing the open storage of a junk motor vehicle for more than ten days after receiving notice that such storage was prohibited in that location. The Volberts entered pleas of not guilty to the charges.
After hearing the testimony presented at trial and reviewing submitted briefs on the matter, the trial court acquitted the Volberts on all charges. The court found that the Volberts established that their use of the property served a "commercial purpose" and constituted a valid nonconforming use. As such, the Volberts' use did not constitute a violation of either R.C. 519.23 or R.C. 4513.65. From that decision, the State appeals, asserting two assignments of error for our review.
 Assignment of Error I
"The trial court committed prejudicial error by applying an incorrect legal standard when determining that the defendants/appellees have established an affirmative defense to the charge that they violated Ohio Revised Code section 519.23."
In its first assignment of error, the State contends that the trial court erred in failing to determine whether the Volberts' nonconforming use of their property was a legal use, as mandated by R.C. 519.19. For the following reasons, however, we affirm the decision of the trial court.
As an initial matter, we note that in making our determination we are guided by the principle that the weight to be given the evidence and the credibility of the witnesses are primarily for the trier of facts.[1]
Moreover, a reviewing court should not substitute its judgment for the trial court's when there exists some competent, credible evidence supporting the judgment and findings of fact.[2]
The Volberts were charged with violating R.C. 519.23, which states, in pertinent part, "no land shall be used in violation of any resolution, or amendment or supplement to such resolution, adopted by any board of township trustees under sections 519.02 to 519.25, inclusive, of the Revised Code." The applicable zoning ordinance limiting the use of the Volberts' property provides:
"The following uses shall be deemed to constitute a nuisance and shall not be permitted in any districts:
"* * *
"10.1.2 The exposed storage of more than two (2) unlicensed and inoperative motor vehicle(s), excluding vehicle(s) primarily intended for agricultural uses, for more than forty-five (45) days."
Despite this limitation, R.C. 519.19 provides, in part applicable herein, that "[t]he lawful use of any * * * land or premises, as existing and lawful at the time of enactment of a zoning resolution or amendment thereto, may be continued, although such use does not conform with such resolution or amendment[.]"
In an action for a zoning violation, townships have the initial burden of proving a zoning violation.[3] In this case, that fact that the Volberts' use of their property violated the zoning ordinance absent their establishment of a nonconforming use was not disputed. Thereafter, the landowner claiming the defense of a valid nonconforming use must then prove that such nonconforming use lawfully existed prior to the enactment of the applicable zoning resolution.[4]
The State contends that the Volberts' nonconforming use, although prior to the adoption of the applicable zoning resolution, was not lawful; thus, the use is not exempt as a valid nonconforming use under R.C.519.19.[5] Specifically, the State argues that since the Volberts are not licensed motor vehicle salvage dealers, pursuant to R.C. 4738.02(A), at the property in question, their use is not lawful. However, testimony at trial indicated that the Volberts do not salvage the cars at this property; instead, any car stored there that may have salvageable parts is taken to their licensed salvage yard located elsewhere. The parts are dismantled and sold at that location, and then, the vehicles are occasionally returned to the separate storage yard to await crushing. The testimony provided clearly established that the Volberts' activities on their separate properties constitute two separate operations.
Based upon the testimony provided and the evidence submitted, we find that competent, credible evidence supports the trial court's determination that the Volberts' use of the subject property constitutes a valid nonconforming use, thus it is exempt from the Jackson Township zoning ordinance. Moreover, while the trial court did not expressly state that the prior use was lawful, there is no statutory mandate that such express finding be made, and we find as a matter of law that such determination is supported by the evidence, and will be inferred in the trial court's decision. Accordingly, the State's first assignment of error is overruled.
 Assignment of Error
II. The trial court committed prejudicial error by applying an incorrect legal standard when determining that the defendants/appellees had established an affirmative defense to the charge that they violated Ohio Revised Code section 4513.65.
The State claims in its second assignment of error that the trial court failed to make a finding that the storage of cars on the property was part of a bona fide commercial operation, which would exempt the Volberts from the provisions of R.C. 4513.65.
R.C. 4513.65, as applicable herein, prohibits "junk motor vehicles" to be left "uncovered in the open for more than ten days after receipt of notice" that the vehicle has been "left uncovered for more than seventy-two hours with the permission of the person having the right to * * * possession of the property" unless the person entitled to possession of the property can establish that the "motor vehicle is part of a bona fide commercial operation[.]" Because the Volberts concede that the vehicles stored on their property constitute the statutory definition of junk motor vehicles and that they did not cover or remove the vehicles within ten days after being notified of an alleged violation, the only determination to be made by the trial court was whether the storage of automobiles constituted a bona fide commercial operation.
In its judgment entry, the trial court found the testimony established that the storage of vehicles was for a "commercial purpose;" namely, the Volberts utilized the property to store cars, which would derive income when the cars were subsequently crushed and sold in the steel market by an outside company with which they contracted. Moreover, the Volberts also received rent payments for storing cars owned by two used car lots. Accordingly, based upon the testimony and evidence presented at trial, the finding of a "bona fide commercial operation" was implicit in the trial court's decision. Notwithstanding, we find, based upon the competent and credible evidence presented herein, that the Volberts established that their storage facility was a bona fide commercial operation. Therefore, the evidence supports the trial court's entry of acquittal.
Consequently, the State's second assignment of error is without merit and is hereby overruled.
Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, the judgment of the trial court is affirmed.
Judgment affirmed.
BRYANT and HADLEY, J.J., concur.
[1] State v. DeHass (1967), 10 Ohio St.2d 230, 39 O.O.2d 366,227 N.E.2d 212, paragraph one of the syllabus; Seasons Coal Co. v.Cleveland (1984), 10 Ohio St.3d 77, 80, 10 OBR 408, 461 N.E.2d 1273.
[2] Seasons Coal Co., 10 Ohio St.3d at 80.
[3] Schmidt v. Barton (Jan. 12, 1977), Summit App. No. 8184; Bd. ofTrustees of Columbia Twp. v. Albertson (Oct. 17, 2001), Lorain App. No. 01CA007785.
[4] Petti v. Richmond Hts. (1983), 5 Ohio St.3d 129, 131, fn. 1, 5 OBR 263, 449 N.E.2d 768; Albertson, supra.
[5] Cf. Petti, 5 Ohio St.3d at 130-32.